# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 18-1201V
### Filed: August 28, 2019
UNPUBLISHED

| | |
|---|---|
| ABEJE SCHNAKE,<br><br>               Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>               Respondent. | Special Processing Unit (SPU); Joint Stipulation on Damages; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) Miller-Fisher Variant |

*Jerome A. Konkel, Samster, Konkel & Safran, S.C.,* for petitioner.
*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION ON JOINT STIPULATION[1]

**Dorsey**, Chief Special Master:

On August 14, 2018, Abeje Schnake ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, [42 U.S.C. §300aa-10](#), *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome Miller-Fisher variant as a result of an influenza ("flu") vaccine she received on October 7, 2015.[3] Petition at 1; Stipulation, filed August 28, 2019, at ¶¶ 2, 4. Petitioner further alleges that her injury resulted in inpatient hospitalization and surgical intervention. Petition at 4; Stipulation at ¶ 4. "Respondent denies that petitioner sustained a GBS Table injury and denies that petitioner's alleged GBS and its residual effects were caused-in-fact by the flu vaccine and/or the meningococcal

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. [44 U.S.C. § 3501](#) note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, [100 Stat. 3755](#). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of [42 U.S.C. § 300aa](#) (2012).

[3] Petitioner also received a meningococcal conjugate vaccine the same day.

conjugate vaccine.  Respondent further denies that the flu vaccine and/or the meningococcal conjugate vaccine caused petitioner any other injury or her current condition.  Respondent also denies that petitioner suffered the residual effects of this condition for more than six months and that petitioner's alleged injury resulted in surgical intervention."  Stipulation at ¶ 6.

Nevertheless, on August 28, 2019, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **the undersigned awards** the following compensation:

a. **A lump sum of $3,000.00, in the form of a check payable to petitioner**;

b. **A lump sum of $57,502.04, which amount represents reimbursement of a Medicaid lien, in the form of a check payable jointly to petitioner** and

**Optum**
**75 Remittance Drive, Suite 6019**
**Chicago, IL 60675-6019**
**Group: Wisconsin Forward Health Medicaid, #WIFHMD**
**File #: 35898743**
**Attn: Jocelyn Adams**

c. An amount sufficient to purchase the annuity contract described in paragraph 10 of the joint stipulation, paid to the life insurance company from which the annuity will be purchased.

Stipulation at ¶ 8.  These amounts represent compensation for all items of damages that would be available under § 15(a).  *Id*.

The undersigned approves the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

ABEJE SCHNAKE,                                    )
                                                  )
                    Petitioner,                   )
                                                  )
v.                                                )   No. 18-1201V
                                                  )   Chief Special Master Dorsey
                                                  )   ECF
SECRETARY OF HEALTH AND HUMAN                     )
SERVICES,                                         )
                                                  )
                    Respondent.                   )
                                                  )

## STIPULATION

The parties hereby stipulate to the following matters:

1. Abeje Schnake, petitioner, filed a petition for vaccine compensation under the
National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine
Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt
of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the
"Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received the flu immunization on October 7, 2015.[1]

3. The vaccination was administered within the United States.

4. Petitioner alleges that she suffered Guillain-Barré Syndrome ("GBS") Miller-Fisher
Variant within the time period set forth in the Table, or in the alternative, that her alleged GBS
was caused-in-fact by the flu vaccine she received, and further alleges that her injury resulted in
inpatient hospitalization and surgical intervention.

5. Petitioner represents that there has been no prior award or settlement of a civil action

---

[1] Petitioner also received a meningococcal conjugate vaccine the same day.

for damages on her behalf as a result of her condition.

6. Respondent denies that petitioner sustained a GBS Table injury and denies that petitioner's alleged GBS and its residual effects were caused-in-fact by the flu vaccine and/or the meningococcal conjugate vaccine. Respondent further denies that the flu vaccine and/or the meningococcal conjugate vaccine caused petitioner any other injury or her current condition. Respondent also denies that petitioner suffered the residual effects of this condition for more than six months and that petitioner's alleged injury resulted in surgical intervention.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. A lump sum of $3,000.00 in the form of a check payable to petitioner;

b. A lump sum of $57,502.04, which amount represents reimbursement of a Medicaid lien, in the form of a check payable jointly to petitioner and

Optum
75 Remittance Drive, Suite 6019
Chicago, IL 60675-6019
Group: Wisconsin Forward Health Medicaid, #WIFHMD
File #: 35898743
Attn: Jocelyn Adams

c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

2

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.      A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.      Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.      Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.      Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner for all remaining damages that would be available under 42 U.S.C. §300aa-15(a), as follows:

    a. $3,000.00 payable in a certain lump sum on September 16, 2020.

    b. $3,000.00 payable in a certain lump sum on September 16, 2021.

    c. $52,559.71 payable in a certain lump sum on September 16, 2022.

The payments provided for in this paragraph 10 shall be made as set forth above. Should petitioner predecease the exhaustion of any certain payments set forth above, any remaining certain payments shall be made to her estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of petitioner's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary

3

of Health and Human Services and the United States of America are not responsible for the
payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts
awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the
future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and
Human Services and the United States of America are released from any and all obligations with
respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and
after petitioner has filed both a proper and timely election to receive compensation pursuant to
42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings
before the special master to award reasonable attorneys' fees and costs incurred in proceeding
upon this petition.

13. Petitioner and her attorney represent that they have identified to respondent all
known sources of payment for items or services for which the Program is not primarily liable
under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,
Federal or State health benefits programs (other than Title XIX of the Social Security Act
(42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to
paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i),
subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award
for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided
pursuant to this Stipulation either immediately or as part of the annuity contract, will be used

4

solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination and/or the meningococcal conjugate vaccination administered on October 7, 2015, as alleged by petitioner in a petition for vaccine compensation filed on or about August 14, 2018, in the United States Court of Federal Claims as petition No. 18-1201V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except

5

as otherwise noted in paragraph 12 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20.  Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine and/or meningococcal conjugate vaccine caused petitioner to have GBS or any other injury or her current condition.

22.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

6

Respectfully submitted,

PETITIONER:

ABEJE SCHNAKE

ATTORNEY OF RECORD FOR
PETITIONER:

JEROME A. KONKEL
Samster, Konkel & Safran, S.C.
1110 N. Old World Third Street
Suite 405
Milwaukee, WI 53203
Tel: (414) 224-0400

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

Ward Sorensen for

TAMARA OVERBY
Acting Director, Division of Injury Compensation
  Programs (DICP)
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

SARAH C. DUNCAN
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 514-9729

Dated: __8/28/2019__

7