# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1201V
(not to be published)

|  |  |
|---|---|
| ABEJE SCHNAKE,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: March 31, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Jerome A. Konkel*, Samster, Konkel & Safran, S.C., Milwaukee, WI, for Petitioner.

*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

  On August 14, 2018, Abeje Schnake filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*.,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome Miller-Fisher variant as a result of an influenza vaccine she received on October 7, 2015.[3] (Petition at 1). On August 28, 2019, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 27).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Petitioner also received a meningococcal conjugate vaccine the same day.

Petitioner has now filed a motion for attorney's fees and costs, dated February 24, 2020 (ECF No. 33), requesting a total award of $20,521.47 (representing $19,331.30 in fees and $1,190.17 in costs). In accordance with General Order #9 Petitioner filed a signed statement indicating she incurred no out-of-pocket expenses. (ECF No. 33-1 at 30).  Respondent reacted to the motion on March 9, 2020 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 34). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

Petitioner requests the following rates for attorney Jerome Konkel; $358 for time billed in 2017; $368 for time billed in 2018; and $380 form time billed in 2019. (ECF No. 33-1 at 4). Petitioner also requests the rates for paralegal, Jennifer Gramling, at the following rates; $108 for time billed in 2017; $112 for time billed in 2018; and $117 for time billed in 2019. (*Id*). Mr. Konkel and Ms. Gramling were previously awarded their requested rates for 2017 and 2018, and I shall award them herein. Regarding the rates for 2019, Mr. Konkel was previously awarded the rate of $378 per hour and Ms. Gramling was awarded the rate of $112 per hour. *See Hogan v. Sec'y of Health & Human Servs.,* No. 18-1201V, 2019 WL 5395576, (Fed. Cl. Spec. Mstr. Jul. 19, 2019). I find no cause to deviate from what was previously awarded for 2019. I reduce Mr. Konkel's rate to $378 per hour and Ms. Gramling's rate to $112 per hour. This reduces the request for attorney fees in the amount of **$45.40**.[4]

## ATTORNEY COSTS

Petitioner requests $1,190.17 in overall costs. (ECF No. 33-1 at 11). This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$20,476.07** (representing $19,285.90 in fees and $1,190.17 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

                                                                       <u>s/Brian H. Corcoran</u>
                                                                       Brian H. Corcoran
                                                                       Chief Special Master

---

[4] This amount consists of ($380 - $378 = $2 x 14.95 = $29.90) + ($117 - $112 = $5 x 3.10 hrs = $15.50) = $45.40.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.